Turley, J.
delivered the opinion of the court.
The plaintiffs in error executed their note to Hall and Simpson in the words and figures following:
“$7Q0. On pr before the first of November we or either of us promise to pay Hall and Simpson seven hundred dollars, value received. Witness our hands and seals, August 20, 1838. Hinson Gift, [l. s.]
(Brandon money.) Robert Gift, [l. s.]”
Upon this note an action of debt was brought. To the declaration there is a demurrer, which was overruled by the court below and judgment given for the debt due, to reverse which this writ of error is prosecuted; and it is now contended that this is a note payable in Brandon money, which means a currency different from gold or silver, and therefore the action to be brought on it sounds in damages and debt will not lie.
It is to be observed that there is no case which goes the length of saying that debt will not lie upon instruments for so many dollars to be paid in money, let it be called by what name it may, as Tennessee money, Alabama money, &c. they being confined entirely to those payable in bank notes, cash notes and currency. The last of which we think doubtful. The only possible reason upon which the decision requiring covenant to be brought on bills single, payable in cash notes or bank notes, can be sustained is, that the.pxr press number of dollars called for can be handed over in cash notes or bank notes; and therefore it may fairly be inferred that it was the intention of the parties to pay the par-, ticular number of dollars of the kind called for, without regard to their actual value. This 3'eason cannot apply to any case where the debt is not to be discharged in a substitute call - *485 ing for dollars, as in the case where it is to be paid in hoi'i ses, cotton or -any other kind of property, where it has al- - ways been held that the payee, if he got the property, is entitled to an amount equal to his demand in dollars. So it would seem to be when the demand is for so many dollars to be paid in the currency or money of a place.
But, furthermore, the words “Brandon money” are not embraced in the body of the contract, but are appended to it. Now, whether they form a part of the contract depends upon the fact as to whether they were introduced at the time of making it or subsequently; if subsequently, the contract is not varied by them, and debt will lie. Now to settle this upon a demurrer precludes an investigation of the fact, for by it the plaintiff is placed in the following dilemma: If he does not declare upon his contract as one payable in Brandon money his declaration is demurred to for a variance; if he does declare upon it as such, it is demurred to for the form of action. So which ever way he turns he is met with Brandon money, although in point of fact he may never have contracted for it. It is impossible for the court to judge upon inspection whether these words are a part of the contract; we have before us nothing but a copy, and even if we had the original we dp not perceive how Qur opportunity of judging upon it would be bettered.^.
We think the correct mode of pleading would have been to set forth the words “Brandon money” upon oyer, and have pleaded that they were a part of the contract, which could then have been denied by the plaintiff in a replication and the question submitted to the determination of a jury. We therefore affirm the judgment of the circuit court.